## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-5707 FMO (MARx) | Date | July 22, 2025 |
|---|---|---|---|
| Title | Micheal Sawyer v. Sumerian Records LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Venue and Diversity Jurisdiction

On June 21, 2025, plaintiff Micheal Sawyer ("plaintiff") filed a complaint alleging breach of contract, accounting, conversion, unjust enrichment, defamation, fraudulent misrepresentation, and tortious interference with prospective economic advantage.  (See Dkt. 1, Compl. at ECF 1).  The allegations appear to be deficient with respect to venue and the citizenship of the defendants.

First, with respect to venue, a civil action may be brought only in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  Although plaintiff contends that venue is proper in this District, (see Dkt. 1, Compl. at ECF 2), he does not allege any facts showing that venue is proper pursuant to 28 U.S.C. § 1391(b).  (See, generally, id.).  It is not clear to the court that "a substantial part of the events or omissions giving rise to the claim occurred" in this District.  (See, generally, Dkt. 1, Compl.).

Second, the jurisdictional allegations appear to be defective because jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, but the pleadings fail to allege the citizenship of some of the defendants.  (See Dkt. 1, Compl. at ECF 1-2).  Specifically, plaintiff fails to allege the citizenship of the LLC defendants, and the principal place of business of Virgin Music Group Services, Inc.  (See Dkt. 1, Compl. at ECF 2); Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]").  Under the circumstances, it is necessary for the court to determine the citizenship of all the parties to ensure it has jurisdiction over the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-5707 FMO (MARx) | Date | July 22, 2025 |
|---|---|---|---|
| Title | Micheal Sawyer v. Sumerian Records LLC, et al. | | |

Based on the foregoing, IT IS ORDERED THAT:

1. No later than **August 5, 2025**, plaintiff shall show cause in writing why this action should not be transferred for lack of proper venue, and shall provide a response detailing the citizenship of all defendants. **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to transfer of the instant action to the appropriate venue or dismissal of the action without prejudice for failure to comply with an order of the court**. See 28 U.S.C. § 1406(a) (providing that a federal court may transfer a complaint filed in the wrong district to the correct district); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974); Costlow v. Weeks, 790 F.2d 1486, 1487-88 (9th Cir. 1986) (a district court may raise the issue of venue sua sponte); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992), as amended (May 22, 1992) (noting that courts have the power to dismiss a case for failure to comply with a court order).

2. If plaintiff wishes to transfer venue, plaintiff shall file a motion to transfer venue by the deadline set forth above.

3. Pursuant to Federal Rule of Civil Procedure 5.2(a) and Local Rules 5.2-1 & 5-4.3.2, pages ECF 20-21 of the Complaint shall be sealed by the Clerk. (See Dkt. 1, Compl. at ECF 20-21). Plaintiff is advised that "[t]he responsibility for redacting or placing under seal protected personal data identifiers rests solely with counsel and the parties." Local Rule 5.2-1.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | vdr |